**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Oliver F. LEMON, Defendant-Appellant.**

**No. 86–3202.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1987.

Decided Aug. 11, 1987.

Joseph Bottini, Anchorage, Alaska, for plaintiff-appellee.

Nancy Shaw, Anchorage, Alaska, for defendant-appellant.

Before GOODWIN, ANDERSON and BRUNETTI, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Oliver F. Lemon ("Lemon") appeals the district court's failure to give a specific unanimity instruction and its failure to give several self-defense and defense of a third person instructions to the jury during his trial on charges of felon in possession of a firearm.

Because Lemon neither objected to the general unanimity instruction which was given nor requested a more specific unanimity instruction during trial, he must show that the district court's failure to give a more specific unanimity instruction amounted to "plain error." *See United States v. Krasn,* 614 F.2d 1229, 1235 (9th Cir.1980). *See also* Fed.R.Crim.P. 30, 52(b).

Lemon admitted several times, while testifying before the jury, that he was in possession of a firearm on at least one occasion during the day in question. He specifically admitted to being in possession of a revolver. Because he admitted to possessing a firearm on the day in question, it is unlikely that the jury would not have unanimously agreed that Lemon possessed a firearm on at least that one occasion. In light of Lemon's admissions and the court's general jury instruction on the unanimity of the verdict, the district court's failure to give a specific unanimity instruction did not amount to plain error. *See United States v. Frazin,* 780 F.2d 1461, 1468 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 158, 93 L.Ed.2d 98 (1986).

Lemon's concerns as to whether the trial jury reached its verdict based on the same facts supporting the grand jury indictment are unwarranted. A transcript of the testimony presented before the grand jury clearly indicates that all relevant facts concerning both possession incidents in question were presented to the grand jury.

Failure to give instructions regarding a theory of defense is reversible error if the theory is legally sound and evidence in the case makes it applicable. *See United States v. Escobar-De Bright,* 742 F.2d 1196, 1201 (9th Cir.1984). Lemon argues the district court erred when it failed to instruct the jury on the legal defenses of self-defense and defense of a third person. Because Lemon is "entitled to have presented instructions relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility," we must review the evidence under Lemon's version

of the facts. *See United States v. Hammons,* 566 F.2d 1301, 1302 (5th Cir.1982) (quoting *United States v. Young,* 464 F.2d 160, 164 (5th Cir.1972)).

■ To interpose a justification defense to a charge of violating the felon in possession statute, Lemon must demonstrate that: (1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. *United States v. Harper,* 802 F.2d 115, 117 (5th Cir.1986); *United States v. Wheeler,* 800 F.2d 100, 107 (7th Cir.1986).

■ It is clear from a review of Lemon's version of the facts that he has failed to sustain his burden of producing sufficient evidence to warrant instructions to the jury on either the defense of self-defense or defense of a third person. *See United States v. Agard,* 605 F.2d 665, 668 (2d Cir.1979). Lemon was not under a "present" threat of death or serious bodily injury when he took possession of the firearm. *See Harper,* 802 F.2d at 118. The G.I. who had forced Lemon to the ground had left the scene. Both of Lemon's defenses must also fail because of the availability of "reasonable, legal alternatives." *See, id.* To establish that he had no alternative to possessing a firearm, Lemon "must show that he actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefits of the alternatives." *Id.* Lemon could have notified the police of the alleged kidnapping or enlisted the help of nearby friends, such as the one who told the G.I. that he had better let Lemon up from the ground. Finally, the alleged kidnappers never used, nor exhibited the use of, excessive or deadly force. As a consequence, there was no need for Lemon to arm himself with a firearm even if he honestly believed that a kidnapping was taking place. The district court did not err in failing to give the requested jury instructions on self-defense and defense of a third person.

AFFIRMED.