976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Henry RAFANAN and Donald Lorentsen, Defendants-Appellants.
 Nos. 91-10498, 91-10517.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1992.*
Decided Sept. 21, 1992.
 
 Before CHOY, ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Henry Rafanan and Donald Lorentsen appeal from the judgments entered following their convictions for various narcotics and firearms offenses. Rafanan asserts that the evidence of guilt was insufficient to support his convictions for conspiracy to possess methamphetamine with the intent to distribute, possession of methamphetamine with the intent to distribute, and using a firearm in the commission of a drug trafficking crime.
 
 
 3
 Lorentsen asserts that the district court erred in failing to present a duress instruction to the jury as a defense to the charges of being a felon in possession of a firearm and using a firearm during the commission of a drug offense. Lorentsen also contends that the district court erred in failing to make a factual finding regarding Lorentsen's involvement with the narcotics found in Rafanan's shed as required by Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.
 
 
 4
 We affirm the judgment of conviction entered against Rafanan because we conclude that the evidence was sufficient to persuade a rational trier of fact beyond a reasonable doubt that Rafanan was guilty of the charged offenses. We affirm the judgment of conviction entered against Lorentsen because we conclude that the district court did not err in declining to instruct the jury on the defense of duress. In addition, we conclude that the district court did not clearly err in finding that Lorentsen was involved with the methamphetamine found in Rafanan's shed.
 
 I.
 SUFFICIENCY OF EVIDENCE
 
 5
 Rafanan asserts that the evidence was insufficient to support his convictions for conspiracy, possession of a controlled substance with the intent to distribute, and the use of a firearm during a drug offense. In determining whether the evidence produced at trial is sufficient to support a conviction, we "must consider the evidence in the light most favorable to the Government and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ward, 914 F.2d 1340, 1346 (9th Cir.1990). All reasonable inferences must be drawn in favor of the Government. United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991). Our responsibility is to determine whether the jury could have reasonably arrived at its verdict, not whether the evidence excludes every hypothesis except guilt. United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). A judgment of conviction may be sustained solely on circumstantial evidence. United States v. Stauffer, 922 F.2d 508, 514 (9th Cir.1990). In reviewing this evidence, we must assume that the trier of fact resolved all factual conflicts in favor of the verdict. United States v. Gillock, 886 F.2d 220 (9th Cir.1989).
 
 
 6
 A. Conspiracy to Possess with Intent to Distribute.
 
 
 7
 Rafanan does not dispute that Lorentsen and Scheideman conspired to distribute methamphetamine. Instead, Rafanan maintains that the evidence is insufficient to demonstrate his involvement in the conspiracy.
 
 
 8
 A conspiracy consists of an "agreement to accomplish an illegal objective, coupled with an overt act in furtherance of the illegal purpose, and the requisite intent necessary to commit the underlying substantive offense." United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986). A formal agreement is not necessary. Id. Rather, the agreement may be inferred from the defendant's acts or other circumstantial evidence. Id. A defendant's mere proximity to the scene of a crime is not sufficient to establish his involvement in a conspiracy. United States v. Mares, 940 F.2d at 458. Seemingly innocent acts, however, when viewed in their proper context, may support an inference of involvement in the conspiracy. Id. Once the existence of the conspiracy is demonstrated, evidence of even a slight connection with the conspiracy is sufficient to convict a defendant of knowingly participating in the conspiracy. United States v. Skillman, 922 F.2d 1370, 1373 (9th Cir.1990), cert. dismissed, 112 S.Ct. 353 (1991).
 
 
 9
 Contrary to Rafanan's assertion, the evidence in this matter is sufficient to connect Rafanan to the drug trafficking conspiracy. The record shows that on January 29, 1991, Lorentsen supplied methamphetamine to Scheideman for sale to an undercover agent. Scheideman testified that Lorentsen instructed him to deposit the money for the drugs at a location approximately 400 yards from Rafanan's residence. After Scheideman deposited the money, he contacted Lorentsen. Lorentsen retrieved the money, dropped off the drugs at the same location behind Rafanan's residence, and returned to Rafanan's house later that evening. Shortly after Lorentsen left the drop off location behind Rafanan's residence, he contacted Scheideman and informed him that the drugs were ready for delivery.
 
 
 10
 After Scheideman delivered the drugs to the undercover agent, officers arrested him and obtained a search warrant for Rafanan's residence. Approximately ten to fifteen armed officers, dressed in Sheriff's Department raid jackets clearly marked with Sheriff's Department patches on both sleeves and a star across the chest, approached Rafanan's house and yelled, "Sheriff's Department, narcotics search warrant."
 
 
 11
 Lorentsen emerged from a shed at the rear of the house with a loaded handgun. He dropped the weapon after being ordered to do so by Officer Hollis. Rafanan followed Lorentsen out of the shed, but upon seeing the uniformed officers, immediately ran back inside the shed and shut the door. After taking Lorentsen into custody, the officers identified themselves again and opened the door to the shed. When the officers entered the shed, they found Rafanan standing in the doorway with his hands above his shoulders. The shed contained packages of methamphetamine, numerous firearms, and drug trafficking paraphernalia used for preparing and packaging methamphetamine. Officers also found the key to the shed's padlock in Rafanan's possession. From these facts, a jury could rationally infer that Rafanan had knowledge of the contents of the shed, and maintained a supply of drugs in his shed for distribution by Lorentsen to Scheideman and to others. This evidence is sufficient to demonstrate Rafanan's knowing participation in a drug trafficking conspiracy.
 
 
 12
 The presence of numerous firearms in the shed and in Rafanan's residence further supports Rafanan's involvement in the conspiracy. Evidence introduced at trial demonstrated that narcotics traffickers frequently possess firearms to protect themselves and their drugs. See e.g., United States v. Randle, 815 F.2d 505, 508 (8th Cir.1987) (holding that the presence of firearms was relevant to the charge of possessing cocaine with the intent to distribute because firearms are frequently possessed by narcotics dealers to protect themselves and their drugs); See also United States v. Stewart, 779 F.2d 538, 539 (9th Cir.1985) (noting the use of firearms in drug transactions).
 
 
 13
 Finally, Rafanan's contention that other "possible explanations" exist for the presence of the methamphetamine and the guns in the shed aside from the inferences drawn by the trier of fact, is not dispositive. The correct inquiry on appeal is whether the trier of fact could have reasonably arrived at its verdict based on the evidence presented at trial. United States v. Mares, 940 F.2d 455 at 458. Viewed as a whole and in a light most favorable to the Government, the evidence at trial was sufficient for a rational trier of fact to find beyond a reasonable doubt that Rafanan knowingly participated in a conspiracy to distribute methamphetamine.
 
 
 14
 B. Possession with Intent to Distribute.
 
 
 15
 Rafanan also contends that his conviction under 21 U.S.C. § 841(a)(1) for possession of methamphetamine with the intent to distribute should be reversed because the evidence at trial demonstrated only that he was present at the scene of drug trafficking activity. Mere proximity to the narcotics, or the defendant's presence on the property where it is located, is insufficient to support a conviction for possession. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.1987), cert. denied, 481 U.S. 1023 (1987). To sustain a conviction for possession with intent to distribute, the defendant must be shown to have knowingly possessed a controlled substance with the intent to distribute it. 21 U.S.C. § 841(a)(1); id. Possession may be proved circumstantially, "by proof of exclusive dominion or of some special relationship to the [narcotics] or persons who directly control it." United States v. Ocampo, 937 F.2d 485, 489 (9th Cir.1991).
 
 
 16
 Rafanan argues that the absence of drugs or paraphernalia in his home or on his person precludes a finding of possession. We disagree. Although Rafanan's mere presence in his shed may be insufficient, standing alone, to sustain a conviction for possession, Rafanan's ownership of the shed and his possession of a key to the padlock supports a rational inference that Rafanan exercised dominion and control over the contraband and weapons found in the shed. The exercise of dominion over property on which contraband is found is strong circumstantial evidence of possession. United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.1988), cert. denied, 488 U.S. 943 (1988). Thus, the evidence was sufficient to persuade a rational trier of fact that Rafanan was guilty of possession of methamphetamine with intent to distribute.
 
 
 17
 C. Use of a Firearm During the Commission of a Drug Offense.
 
 
 18
 Rafanan also contends that the evidence was insufficient to demonstrate his use and possession of a firearm in the course of a drug trafficking offense. In United States v. Torres-Medina, 935 F.2d 1047 (9th Cir.1991), we held that Section 924(c)(1) does not require that the firearm be "displayed or brandished" during the commission of a drug offense. If the gun's "physical proximity to the defendant at any time during the commission of the crime, or during arrest, supports the inference that it emboldened him to commit the underlying offense or to resist arrest," the firearm may be considered to have played a role in the offense for the purposes of Section 924(c)(1). Id. at 1050.
 
 
 19
 The arresting officers testified that a loaded 12-gauge shotgun was within Rafanan's reach at the time of his arrest in the shed. The gun's physical proximity to Rafanan supported an inference that the firearm may have "emboldened him to commit the underlying offense or to resist arrest." Id. Accordingly, the evidence was sufficient to persuade a rational trier of fact beyond a reasonable doubt that Rafanan used a firearm during the commission of a drug offense.
 
 II.
 FAILURE TO INSTRUCT ON THE DEFENSE OF DURESS
 
 20
 Lorentsen contends that the court erred by not instructing the jury on the "defense of duress" to the charges of being a felon in possession of a firearm and using a firearm during the commission of a drug trafficking offense. Lorentsen argues on appeal that he armed himself in self-defense after mistaking the Sheriff's officers for armed intruders.
 
 
 21
 Although Lorentsen refers to his asserted defense as duress, his factual theory would appear more properly to apply to a justification defense. In the proceedings below, Lorentsen appears to have agreed that justification was his theory of defense when he acknowledged that the test in United States v. Lemon, 824 F.2d 763, 765 (9th Cir.1987) was the appropriate standard to apply on these facts.
 
 
 22
 This circuit has not resolved the issue of whether a district court's denial of a proposed jury instruction is reviewed de novo or for an abuse of discretion. United States v. Streit, 962 F.2d 894, 897 (9th Cir.1992). However, it is not necessary to resolve this issue on the present appeal because the result would be the same under either standard. If a theory of defense is legally sound and supported by the evidence, the district court's failure to instruct the jury on the theory is reversible error. United States v. Lemon, 824 F.2d at 764.
 
 
 23
 The evidence presented at trial was insufficient to warrant a justification instruction. Although Lorentsen's attorney asserted during closing argument that Lorentsen armed himself because he mistakenly believed the policemen surrounding the shed to be armed intruders, no evidence was introduced at trial to support this defense. The uncontradicted evidence at trial showed that the officers identified themselves several times before Lorentsen left the shed. Because no evidence was presented at trial to support an inference that Lorentsen believed he was being attacked by armed intruders when he emerged from the shed, the district court did not err in refusing to give a justification instruction.
 
 III.
 
 24
 ADEQUACY OF THE FACTUAL FINDINGS IN THE PRESENTENCE REPORT
 
 
 25
 Lorentsen argues that the district court failed to make a factual finding at the sentencing hearing regarding (1) Lorentsen's acceptance of responsibility for the drugs found at Rafanan's residence, and (2) the amount of methamphetamine used to calculate his base offense level in violation of Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.
 
 
 26
 The presentence report recommended against a downward adjustment for acceptance of responsibility because Lorentsen denied that he was involved with the methamphetamine found in Rafanan's shed. At the sentencing hearing, Lorentsen argued that because the record did not demonstrate Lorentsen's connection with the drugs found in the shed, his denial of involvement with those drugs should not preclude a downward adjustment for acceptance of responsibility.
 
 
 27
 Contrary to Lorentsen's contention, the district court made an express oral finding that Lorentsen had been involved with the methamphetamine found in Rafanan's shed. The court stated that at the time of their arrest in the shed, "[Lorentsen] and Mr. Rafanan were doing whatever those people do when they're packaging or transferring or arranging for further sales [of drugs]." The court also commented, "I understand how [Lorentsen] make[s] the argument [that Lorentsen was not involved with the drugs found in Rafanan's shed] ... I just don't agree with it." The court's express finding that Lorentsen was involved with the drugs in the shed supports its refusal to grant Lorentsen a downward adjustment for acceptance of responsibility, and satisfies the requirement in Rule 32(c)(3)(D) that the court resolve any alleged factual inaccuracies in the presentence report.
 
 
 28
 Lorentsen also alleges that the court erred in including the amount of methamphetamine found in Rafanan's shed in calculating Lorentsen's offense level. Lorentsen's contention is without merit. Once the district court determined that Lorentsen was involved in a conspiracy to distribute the methamphetamine found in Rafanan's shed, it was required to hold Lorentsen accountable for the entire amount of methamphetamine possessed by each member of the conspiracy. U.S.S.G. Section 1B1.3 n. 1; United States v. Restrepo, 903 F.2d 648 (9th Cir.1990), reh'g en banc, 946 F.2d 654, cert. denied, 112 S.Ct. 1564 (1992). See also United States v. Cardenas, 917 F.2d 683 (2d Cir.1990) (In calculating the offense level, the district court must consider the entire quantity of narcotics in the charged conspiracy.)
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3