5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Wayne CARTER, Defendant-Appellant.
 No. 92-50557.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 30, 1993.
Decided Sept. 2, 1993.
 
 1
 Appeal from the United States District Court, for the Central District of California, D.C. No. CR-92-0410-DWW; David W. Williams, Senior District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: BRUNETTI, KOZINSKI, and BOGGS,* Circuit Judges.
 
 
 5
 MEMORANDUM**
 
 
 6
 * BACKGROUND
 
 
 7
 This case arises within the context of the Los Angeles riots following the acquittal of certain white police officers accused of beating a black motorist as they attempted to arrest him. The rioting began on April 29, 1992, and continued for two or three days.
 
 
 8
 On May 4, 1992, agents of the Alcohol, Tobacco and Firearms (ATF) learned that Bobby Wayne Carter (Carter) was involved in looting and stealing weapons from a pawn shop in Los Angeles. After obtaining a search warrant to search Carter's residence, they saw him driving his automobile near his home on May 5, 1992. The ATF agents stopped him and after he waived his Miranda rights, Carter told the agents he had a pistol on his person which he had purchased for $75 from an unnamed individual three or four days earlier.[1]
 
 
 9
 Carter pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) after the district court ruled that he was not entitled to present a necessity defense. His plea was conditional in order to preserve for appeal the issue of whether the district court erred in excluding his necessity defense.
 
 
 10
 The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 II
 DISCUSSION
 
 11
 Carter contends that the district court erred in granting the Government's motion in limine to exclude his necessity defense. We reject this contention.
 
 
 12
 The district court's decision to bar a necessity defense is reviewed de novo. United States v. Aguilar, 883 F.2d 662, 692 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991). As a matter of law, to be entitled to a necessity defense, a defendant must establish the following four elements:
 
 
 13
 (1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were not other legal alternatives to violating the law.
 
 
 14
 Id. at 693. The district court properly precludes use of the necessity defense if the defendant fails to establish any one of those four elements. Id.
 
 
 15
 After examining the record in this case, we are satisfied that the evidence Carter proffered in support of his necessity defense was insufficient as a matter of law. See id. at 692. First, Carter did not act to prevent "imminent" harm. He presented no evidence that any specific individual was threatening him. In fact, his proffer contained evidence that he did not know where this threat was coming from; nor did he know when it would occur. Rather, he relies upon the fact that the rioting had created civil unrest which posed a general threat to him and his family. He contends that because he lived in such a tumultuous neighborhood, his home was vulnerable to attack and he needed a firearm for protection.
 
 
 16
 However, the district court took judicial notice that when Carter was arrested, the rioting had effectively subsided and the police were strictly enforcing a curfew against travel at night. See Fed.R.Evid. 201(b), (c), (f). It also found that at the time Carter was arrested, police response time had improved and the arrival of the National Guard and the Marines augmented the local police presence. There was no evidence that Carter was under an imminent threat of harm when he took possession of the gun. Cf. United States v. Lemon, 824 F.2d 763, 765 (9th Cir.1987) (where defendant was convicted of being a felon in possession of a firearm, no error in refusing to instruct jury on self-defense and defense of third person because he was not under "present" threat of harm when he took possession of firearm). Carter presented evidence of a mere potential threat of some future harm which does not satisfy the immediacy requirement. See Aguilar, 883 F.2d at 693 n. 28 (necessity proffer referring to general atrocities committed by Salvadoran, Guatemalan, and Mexican authorities failed for lack of specificity with regard to imminent harm requirement).
 
 
 17
 Second, Carter has failed to establish that there were no other legal alternatives to violating the law. United States v. Bailey, 444 U.S. 394 (1980). "Under any definition of [the necessity and duress] defenses one principle remains constant: if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the defenses will fail." Id. at 410.
 
 
 18
 Carter claims that the two legal alternatives he did have were not viable. First, he argues that calling the police was not an option because his neighborhood was a "lawless society" where the police were ineffective to prevent crimes from occurring. He asserts that his second option, to move from the area, was not possible because he could not afford it.
 
 
 19
 However, neither argument convinces us that Carter had exhausted other legal alternatives. "To establish that he had no alternative to possessing a firearm, [a defendant] must show that he actually tried the alternative or had not time to try it, or that a history of futile attempts revealed the illusionary benefits of the alternatives." Lemon, 824 F.2d at 765 (internal quotations omitted). Carter has failed to demonstrate either that he attempted other legal alternatives or that he did not have time to try other alternatives. To avoid the unrest in his neighborhood, Carter could have remained in his home or sought the help of friends and neighbors. Furthermore, the fact that police response time had improved by the time that Carter was arrested does not support his claim that police assistance was ineffective.
 
 
 20
 In further support of his position, Carter relies upon United States v. Gant, 691 F.2d 1159 (5th Cir.1982). Nonetheless, the Fifth Circuit's decision in Gant supports our conclusion here. In Gant, the defendant was convicted of being a felon in possession of a firearm. Id. at 1161. On appeal he argued that either necessity or duress justified his conduct. However, the court disagreed and held that he was not entitled to either defense because he had not pursued other legal alternatives. Id. at 1164 ("unless defendant demonstrates that he pursued his alternatives or that they were foreclosed, he may not successfully raise the justification defenses").
 
 
 21
 Because we conclude that Carter failed to establish two of the four elements required, the district court properly excluded his necessity defense.[2] Aguilar, 883 F.2d at 693.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable DANNY J. BOGGS, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The district court found that Carter's statement at arrest contradicted his later explanation when he claimed that he had just purchased the pistol a few hours prior to his arrest to prevent his home from being burglarized
 
 
 [2]
 We note that the Government's motion in limine related to an anticipated duress defense; however, Carter's proffer pertained to a necessity defense. The district court held that the proffer was insufficient to support either defense. Because the elements we rely upon in affirming the district court pertain to both the duress and necessity defenses, we agree that both defenses were properly excluded. See United States v. Kinslow, 860 F.2d 963, 965-66 (9th Cir.1988) (prima facie case for duress requires proof of immediate threat of serious bodily injury and no other reasonable opportunities to avoid threatened harm), cert. denied, 493 U.S. 829 (1989), overruled on other grounds sub nom. United States v. Brackeen, 969 F.2d 827, 829 (9th Cir.1992)