57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Stanley AUSTIN, Defendant-Appellant.
 No. 94-50448.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1995.
Decided June 9, 1995.
 
 Before: McKAY,* REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mr. Michael Austin appeals his conviction and sentence under 18 U.S.C. Sec. 922(g)(1) (felon in possession of ammunition) and 18 U.S.C. Sec. 924(e)(1) (armed career felon sentence enhancement). Mr. Austin asserts three claims of error: (1) the district court improperly refused to instruct the jury upon the defense of justification; (2) the district court admitted evidence of other "bad acts" committed by Mr. Austin in violation of Federal Rules of Evidence 403 and 404(b); and (3) the district court wrongly concluded that Mr. Austin had committed three previous felonies within the meaning of Sec. 924(e)(1) and Taylor v. United States, 495 U.S. 575 (1990).
 
 
 3
 The events leading to Mr. Austin's arrest are not in dispute. On October 29, 1993, a Vons security officer arrested Mr. Austin for shoplifting candy bars (Butterfingers, to be precise). A patdown search uncovered nine rounds of .38 caliber ammunition in Mr. Austin's front pants pockets and a semi-automatic .38 caliber pistol in a holster tucked into the rear waistband of Mr. Austin's pants. Mr. Austin was then arrested and eventually charged with (and then convicted of) being a felon in possession of ammunition under 18 U.S.C. Sec. 922(g). Mr. Austin does not contest the fact that he was a felon within the meaning of 18 U.S.C. Secs. 922(g), 924(e).
 
 
 4
 Mr. Austin, while acknowledging that he possessed the ammunition, claims that he was justified in doing so in order to keep the weapon out of the hands of his seventeen-year-old nephew. The events leading to this defense (as described by Mr. Austin and Mr. John Battles, a good friend of Mr. Austin) compose a somewhat unlikely tale reminiscent of the opening chapters of a Dickens novel. It is unquestioned that the gun found on Mr. Austin was legally registered to Mr. Battles. On October 27, 1993, Mr. Battles abruptly ended his relationship with the woman with whom he was living. Left somewhat in the lurch (he was kicked out of her apartment at 3 a.m.), Mr. Battles stored his belongings with Mr. Austin, who was living at Mr. Howard's apartment because he (Mr. Austin) was also separated from his wife. Unbeknownst to Mr. Austin, Mr. Battles's gun was packed away with the remainder of his belongings. Alas, the gun was discovered and promptly fired by Mr. Howard on October 28 (at approximately 5 p.m.). Mr. Austin, fearing for the safety of Mr. Howard and those around him, recovered the gun, hid it in Mr. Howard's home, and spent the next twenty-four hours attempting to contact Mr. Battles. At approximately 5 p.m. on October 29, Mr. Austin left Mr. Howard's home and went in search of Mr. Battles. He took the gun and ammunition with him for safekeeping. Shortly thereafter, the unfortunate incident with the candy bar transpired.
 
 
 5
 I. Did the district court properly refuse to instruct the jury on the defense of justification?
 
 
 6
 " 'A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." United States v. Dees, 34 F.3d 838, 842 (9th Cir.1994) (quoting United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990)). The quantum of evidence sufficient to support a "theory of the defense" instruction is not great. See United States v. Zuniga, 6 F.3d 569, 570 (9th Cir.1993); see also United States v. Morton, 999 F.2d 435, 439 (9th Cir.1993) (more than a "scintilla"). We review for abuse of discretion a district court's factual evaluation of the sufficiency of the evidence adduced in support of the instruction. United States v. Taren-Palma, 997 F.2d 525, 530 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994).
 
 
 7
 It is settled law in this circuit and others that a defendant may put forth justification as a defense to a violation of Sec. 922(g). See United States v. Lemon, 824 F.2d 763 (9th Cir.1987); see also United States v. Newcomb, 6 F.3d 1129 (6th Cir.1993); United States v. Sahakian, 965 F.2d 740 (9th Cir.1992). We have adopted a four-part test to determine the availability of an instruction upon justification:
 
 
 8
 To interpose a justification defense to a charge of violating the felon in possession statute, [a defendant] must demonstrate that: (1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.
 
 
 9
 Lemon, 824 F.2d at 765. The district court, drawing upon the test adopted in Lemon, found as a matter of fact that Mr. Austin had failed to establish the factual predicates to a justification defense. The district court therefore refused the proffered instruction.
 
 
 10
 This decision did not constitute an abuse of discretion. Even if we were to accept Mr. Austin's version of the facts, twenty-four hours passed between the moment when Mr. Austin assumed control of the gun and his arrest for shoplifting. Mr. Austin can hardly claim that a "present threat" existed throughout this entire period. Compare Newcomb, 6 F.3d at 1137-38 (holding that a justification defense was available where the defendant had assumed control over ammunition for only a few minutes). Mr. Austin's contention that "no reasonable legal alternatives" presented themselves likewise rings false in light both of the length of time involved and of the events that prompted his arrest. Lastly, and most telling, it must be emphasized that Mr. Austin was not convicted for possession of the firearm but rather for possession of the ammunition. Even conceding that Mr. Austin was justified in retaining control of the gun, there was no reason for him to carry about nine extra rounds of ammunition. Had the ammunition been left at home, it seems quite implausible that Mr. Howard could have caused much mischief without the gun.
 
 
 11
 II. Did the district court abuse its discretion by admitting evidence that Mr. Austin had been shoplifting at the time of his arrest?
 
 
 12
 We review for abuse of discretion the district court's evidentiary rulings pursuant to Rules 403 and 404(b). United States v. Corona, 34 F.3d 876, 881 (9th Cir.1994); United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990). The harmless error standard applicable to nonconstitutional evidentiary errors requires that we reverse "only if the court's ruling more likely than not affected the verdict." United States v. Chu Kong Yim, 935 F.2d 990, 994 (9th Cir.1991).
 
 
 13
 We believe it untenable that admission of evidence of shoplifting would prejudice Mr. Austin to the extent required by Rule 403. To be sure, the relevance of the evidence is arguable. However, to the extent that it placed the events surrounding the arrest in context, we agree with the district court that it acted to preclude jury confusion. We therefore cannot conclude that the district court abused its discretion by admitting the evidence.
 
 
 14
 The evidence of the shoplifting was likewise not prohibited by Rule 404(b). This case is not readily distinguished from United States v. Daly, 974 F.2d 1215, 1216-17 (9th Cir.1992) ("The prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon.... When a defendant is prosecuted [for that offense], evidence concerning other acts that are inextricably intertwined with the charged acts may be admitted."). As noted above (and recognized by the district court), omission of the shoplifting episode would have had the unfortunate effect of bringing the jurors into the middle of the story and would likely have left them confused and bemused. It is, moreover, highly debatable whether the evidence--which tends to place the arrest in its proper context--even qualifies as character evidence within the meaning of the rule. See United States v. Williams, 989 F.2d 1061, 1070 (9th Cir.1993) ("Evidence should not be considered 'other crimes' evidence when ' "the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined." ' " (citations omitted)).
 
 
 15
 In any event, whatever error may have been committed was harmless. The weight of evidence against Mr. Austin was almost overwhelming. It seems implausible that accusations of shoplifting would have tilted the balance of guilt/innocence in the mind of the jury.
 
 
 16
 III. Did the district court properly conclude that Mr. Austin had committed three prior felonies within the meaning of Sec. 924(e)?
 
 
 17
 Mr. Austin does not dispute that he has thrice pled guilty to burglary under California Penal Code Sec. 459. Burglary as defined by Sec. 459 does not, however, conform to the definition adopted by the federal courts as applicable to Sec. 924(e). See United States v. Parker, 5 F.3d 1322 (9th Cir.1993); United States v. Alvarez, 972 F.2d 1000 (9th Cir.1992), cert.denied, 113 S.Ct. 1427 (1993). Mr. Austin therefore contends that the government has failed to meet its burden of proving three prior felonies under the "categorical" approach adopted by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990).
 
 
 18
 This contention is without merit. The government submitted to the district court authenticated copies of each of the charging documents and each of the guilty pleas. See Excerpt of Clerk's Record, Tab 7, exhibits B, C, and D. Our review of the charging documents indicates that each alleges that Mr. Austin unlawfully and wilfully entered a building or residence with the intent to commit larceny. Each of the guilty pleas likewise states that Mr. Austin "pleaded guilty to the offense(s) charged in said complaint." Under our precedents, this evidence suffices to establish the applicability of the Career Felon Statute. See Alvarez, 972 F.2d at 1005; United States v. O'Neal, 937 F.2d 1369, 1373 (9th Cir.1990). Parker, upon which Mr. Austin relies, is not to the contrary. In Parker, the charging document did not allege unlawful entry; the case was resolved not by guilty plea but by jury verdict; and the jury returned only a general verdict. See Parker, 5 F.3d at 1325-27. Parker is therefore easily distinguished from this case and is not controlling here.
 
 
 19
 The government asserts without discussion that People v. Montoya, 874 P.2d 903 (Cal.1994), a 1994 decision of the California Supreme Court which seemingly brings the California burglary statute into conformity with the federal standard, retroactively transforms Mr. Austin's convictions into "generic burglary" convictions within the meaning of Taylor. We note that retroactive recharacterization of Mr. Austin's crimes so as to enhance his sentence would raise grave due process and ex post facto concerns. Resolution of this issue is, however, unnecessary in view of the sufficiency of the charges and corresponding pleas presented by the government.
 
 
 20
 Mr. Austin's conviction and sentence are AFFIRMED.
 
 
 
 *
 Hon. Monroe G. McKay, Senior United States Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3