76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas SAMPSON, Defendant-Appellant.
 No. 95-10163.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Sampson appeals his conviction after entering a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Sampson contends that the district court erred by finding that, as a matter of law, Sampson was not entitled to the defense of necessity. We review de novo a district court's decision to bar a necessity defense. United States v. Aguilar, 883 F.2d 662, 692 (9th Cir.1989), cert. denied, 498 S.Ct. 1046 (1991). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 In order to assert the necessity defense the defendant must show, among other things, that he was under imminent threat of harm and there was no reasonable, legal alternative to his conduct. United States v. Schoon, 971 F.2d 193, 195 (9th Cir.1991), cert. denied, 504 U.S. 990 (1992); United States v. Lemon, 824 F.2d 763, 765 (9th Cir.1987).
 
 
 4
 Here, Sampson alleged that because his identity as an innocent victim of a drive-by shooting was publicized he became a target for the gang responsible for the shooting. Sampson alleged that he needed a gun to "protect himself from an attack that could come at any moment."
 
 
 5
 We agree with the district court that Sampson did not act to prevent "imminent" harm. The drive-by shooting occurred more than five months prior to Sampson's possession of the gun and Sampson did not know when the threatened harm would occur or where it would come from. Cf., United States v. Sahakian, 965 F.2d 740, 741 (9th Cir.1992) (holding that district court properly excluded justification defense where defendant alleged that he was assaulted thirty six days before the possession in question); Lemon, 824 F.2d at 765 (holding that there was no error in refusing to instruct jury on self-defense and defense of third person because defendant was not under "present" threat of harm when he took possession of gun).
 
 
 6
 Sampson also failed to establish that he lacked any legal alternative to violating the law. See Lemon, 824 F.2d at 765. "To establish that he had no alternative to possessing a firearm, [Sampson] must show that he actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefits of the alternatives." Id. at 765 (internal quotations omitted). Sampson contends that the legal alternative of contacting the police was not viable because the police were ineffective in preventing crimes in his neighborhood or in investigating the individuals responsible for the shooting. Sampson failed, however, to demonstrate that he either attempted to contact the police or that he had a history of futile attempts that would make such an attempt illusionary. See id. Accordingly, the district court did not err by excluding the defense of necessity. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3