82 F.3d 424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Wayne DUNN, Defendant-Appellant.
 Nos. 95-30125, 95-30126.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided April 9, 1996.
 
 Before: FLETCHER, JOHN T. NOONAN, JR., and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerry Wayne Dunn appeals his jury conviction of two counts of illegal firearms possession, his plea of guilty to one count of possessing methamphetamine, and his sentence. The government appeals his sentence as well, raising a challenge to a recent amendment to commentary to U.S.S.G. § 4B1.1. While we discuss the government's appeal in a published opinion, we affirm Dunn's convictions and sentence in this memorandum.
 
 FACTS AND PROCEEDINGS
 
 3
 On August 13, 1993, Dunn was arrested after police officers searched his vehicle with his consent and found one firearm in the trunk and another on the floor of the front seat. The police were investigating a gun fight that took place between two drivers in automobiles that morning. On January 27, 1994, Dunn was indicted on two counts: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and (2) possession of a firearm with obliterated serial number in violation of 18 U.S.C. § 922(k). Dunn pleaded not guilty at his arraignment on January 31, 1994.
 
 
 4
 For unrelated conduct in which he allegedly engaged on January 14, 1994, Dunn was indicted on March 8, 1994, on five counts: (1) possession with intent to distribute more than 10 grams of methamphetamine in violation of 18 U.S.C. § 841(a)(1); (2) possession with intent to distribute marijuana in violation of 21 U.S.C. § 941; (3) possession with intent to distribute methamphetamine within 1000 feet of a public school in violation of 21 U.S.C. § 960(a); (4) possession with intent to distribute marijuana within 1000 feet of a public school in violation of 21 U.S.C. § 960(a); and (5) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
 
 
 5
 For the counts in the January 27, 1994 indictment [the "firearms case"], Dunn stood trial on May 9, 1994. At trial George Marcel Kelly testified about his August 13, 1994 shootout with Dunn and admitted that he (Kelly) pleaded guilty on November 11, 1993 to second degree assault for conduct stemming from the incident. Kelly also testified that he approached Dunn and told him that he would "whoop his ass when he was physically able" on the morning of the shootout; apparently, Kelly believed that Dunn was having an affair with his wife. Dunn's defense was twofold: first, that he was not in actual or constructive possession of the firearm found in the trunk of his car because he did not know it was there; and second, that he was not in possession of the firearm in the front seat of his car until he was justified in using it. Dunn argued in his justification defense that he did not know who placed the firearm near the front seat of the car and that at the time he possessed and used it during the shootout, he was justified in using a firearm. On May 17, 1994, the jury returned guilty verdicts on both counts; however, on count 1, the jury reached a guilty verdict only with respect to Dunn's possession of the firearm found in the passenger compartment, but not with respect to the gun found in the trunk of the car. The court dismissed that part of count 1.
 
 
 6
 Before Dunn was sentenced for this conviction, he entered a plea of guilty relating to the conduct alleged in the March 8, 1994 indictment [the "methamphetamine case"]. Under the plea agreement, Dunn pleaded guilty to count 3, possession with intent to distribute methamphetamine within 1000 feet of a public school in violation of 21 U.S.C. § 960(a), while counts 1, 2, 4, and 5 were to be dismissed. As to Dunn's sentence, the plea agreement stipulated that his base offense level was 28, with a 3 point reduction for timely acceptance of responsibility.
 
 
 7
 On February 7, 1995, Dunn moved for leave of the court to file a motion for a new trial based on newly discovered evidence in the firearms case and a motion to withdraw his guilty plea in the methamphetamine case. Dunn's motion for a new trial was based on the discovery of a new witness, James Suggs, who was not called at trial, but who stated in a declaration attached to Dunn's motion that he [Suggs] observed "Phil Hedge put a gun in Jerry Dunn's vehicle" shortly before the shooting incident and that "Jerry Dunn did not see Phil Hedge put the gun in his vehicle, as his back was turned, and he and Lawton Miller were engaged in a conversation." In another declaration attached to his motion, Dunn averred that Suggs first contacted him in December 1994 at the Spokane County Jail.
 
 
 8
 Dunn's motion to withdraw his guilty plea in the methamphetamine case was based on a claim of ineffective assistance of counsel and a claim that at the time of the plea he had not been informed that the government intended to seek a sentencing enhancement for career offenders. In his motion Dunn stated that his counsel misinformed him that the government was not seeking such an enhancement.
 
 
 9
 On April 3, 1995, the district court denied both of Dunn's motions. On the motion for a new trial, the court ruled that the proffered testimony of Suggs was cumulative to trial testimony by investigator Bill Proctor, who stated that Phil Edge told him that he, Edge, threw the firearm into Dunn's car and said something to the effect, "You may need this." (Edge himself would have invoked the Fifth Amendment.) The court also ruled that Dunn had not shown that the proffered testimony would "probably" result in acquittal, the showing needed for a new trial.
 
 
 10
 On the motion to withdraw the guilty plea, the court ruled that Dunn did not present any "fair and just reason" warranting such a motion, finding in part that Dunn had been advised by the court of the maximum sentence by law at his plea hearing.
 
 
 11
 Dunn's sentencing for the firearms and the methamphetamine convictions was consolidated. Dunn objected to the calculation of his base offense level in the Presentence Report and moved for downward departure. On April 19, 1995, the court sentenced Dunn to 120 months for his conviction of felon in possession of a firearm, 60 months for his conviction of possession of a firearm with obliterated serial number, and 188 months for his conviction of possession of methamphetamine with intent to distribute. The court determined that Dunn had two prior convictions--one involving a controlled substance, the other involving a crime of violence--that warranted sentencing Dunn as a career offender. The terms are to be served concurrently.
 
 
 12
 Dunn appealed his convictions and sentence on April 26, 1995, while on May 19, 1995 the government cross-appealed Dunn's sentence pursuant to 18 U.S.C. § 3742(b).
 
 ANALYSIS
 
 13
 We conclude that the district court did not abuse its discretion in denying Dunn's motion for a new trial in the firearms case. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). Dunn did not offer newly discovered evidence that would probably result in acquittal. United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985). To establish justification as a defense, Dunn was required to prove that "he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct" and that "he had no reasonable legal alternative." United States v. Lemon, 824 F.2d 763, 765 (9th Cir.1987). Dunn could not establish either requirement with Suggs's proffered testimony. Even assuming that Dunn did not instigate the shootout with Kelly, Dunn could have attempted to drive away from Kelly's gunfire instead of returning fire. Instead, Dunn fired back at Kelly and then drove after him carrying his gun with him. Suggs's testimony could not have possibly justified Dunn's action in carrying the gun in this pursuit.
 
 
 14
 The district court did not abuse its discretion in denying Dunn's motion to withdraw his guilty plea before his sentencing in the methamphetamine case. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). The district court conducted a Rule 11 hearing to determine the voluntariness of Dunn's plea. Dunn's responses indicate that he understood that he could receive a maximum sentence of life in prison if he pleaded guilty and that the court was to decide his sentence. Erroneous advice by Dunn's counsel about his susceptibility to the career offender sentencing enhancement does not present any "fair and just reason to withdraw" his plea. United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991).
 
 
 15
 Although a claim of ineffective assistance of counsel is generally considered on a habeas petition rather than on direct appeal, we find the record sufficiently complete to decide the issue in both of Dunn's cases. See United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). Assuming for the sake of argument that defense counsel's failure to find Suggs as a prospective witness fell below the level of competent professional assistance, any error in not finding Suggs does not raise "a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Suggs's testimony would not have aided Dunn's defense. Nor was any incompetence shown by counsel's failure to object to the court's jury instruction on justification; the instruction correctly placed the burden of persuasion on the defendant. Lemon, 824 F.2d at 764.
 
 
 16
 We also reject Dunn's ineffective assistance of counsel claim in the methamphetamine case. Standing alone, a mistaken prediction about sentencing does not constitute ineffective assistance of counsel. United States v. Turner, 881 F.2d 684, 687 (9th Cir.), cert. denied, 493 U.S. 871 (1989). Dunn attempts to characterize the misinformation he received from his counsel about the government's intention to seek a career offender enhancement as a mistake about the law and not simply a prediction. The argument is without force. Dunn's counsel allegedly told him that the government would not seek a sentencing enhancement for a career offender; before sentencing, this advice was a prediction of what the government would do. See Oliveros-Orosco, 942 F.2d at 646. Moreover, assuming counsel's performance fell below the professional standard, no prejudice occurred because Dunn acknowledged in open court at his plea hearing that he was subject to a possibility of a life sentence. See United States v. Thornton, 23 F.3d 1532, 1533-34 (9th Cir.1994) (per curiam).
 
 
 17
 Finally, we reject Dunn's challenges to his sentence. First, Dunn was properly sentenced to a career offender enhancement to his methamphetamine conviction based on his two previous convictions, one for the firearms convictions and one for a February 18, 1987 conviction for manufacturing a controlled substance. Although Dunn's sentencing for his firearms convictions was consolidated with his sentencing for his methamphetamine conviction, an arrest separated the underlying offenses, making the two offenses unrelated for sentencing purposes. United States v. Gallegos-Gonzalez, 3 F.3d 325, 328 (9th Cir.1993). Second, the district court was "aware that it could depart downward," but "[h]aving considered all of the circumstances of this case" it "decline[d] to do so." The district court's refusal to depart is therefore unreviewable. United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993).
 
 
 18
 Accordingly, we AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3