134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph D. OWEN, Defendant-Appellant.
 No. 96-35460.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1997.
Decided Jan. 9, 1998.
 
 Before: LAY,** BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Ralph D. Owen in June 1992 of being a felon in possess ion of a firearm in violation of 18 U. § .C. § 922(g).[1] The district court concluded Owen was an armed career offender and enhanced his sentence under 18 U.S.C. § 924(e) based in part on Owen's 1964 and 1966 convictions for robbery and bank robbery. Owen seeks relief under 28 U.S.C. § 2255. The district court denied Owen's § 2255 motion without an evidentiary hearing and Owen appeals. We review de novo the district court's denial, United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996), and we affirm.
 
 
 3
 The convictions supporting Owen's § 924(e) enhancement include (1) a 1964 state conviction for robbery, (2) a 1964 state conviction for attempted robbery, (3) a 1966 federal conviction for bank robbery, (4) a second 1966 federal conviction for bank robbery, and (5) a 1976 federal conviction for bank robbery. We reject Owen's challenge to his underlying convictions.[2]
 
 
 4
 Owen claimed that the state court improperly accepted his guilty pleas in 1964 without first advising him of his rights and determining that his plea was knowing and intelligent. He has also asserted that he received ineffective assistance of counsel in his underlying 1966 federal convictions.
 
 
 5
 The district court noted that it did not have the record of Owen's 1966 convictions. Relying on the Sixth Circuit's treatment of Owen's prior § 2255 challenge to those convictions, Owen v. United States, 660 F.2d 696 (6th Cir.1981), the district court determined that although Owen's counsel represented Owen's codefendant also, Owen has failed to show any prejudice from the joint representation. The district court did not decide Owen's challenge to his 1964 state convictions given its rejection of his challenge to the 1966 federal convictions.
 
 
 6
 The government maintains that under Custis v. United States, 511 U.S. 485 (1994), Owen may not collaterally raise an ineffective assistance of counsel claim challenging his 1966 convictions absent a violation of Gideon v. Wainwright, 372 U.S. 335 (1963). This court's recent decision of Gretzler v. Stewart, 112 F.3d 992 (9th Cir.1997), discharges that argument. As we observed in Gretzler,
 
 
 7
 Gretzler's fourth argument is that the trial court erred by considering at sentencing his nine California murder convictions, arguing that the guilty pleas underlying those convictions were invalid due to ineffective 'assistance of counsel which rendered them unknowing and involuntary. Citing Custis [ ], the district court held that Gretzler could not mount a collateral attack on his prior convictions because those prior convictions were not void for Gideon violations.
 
 
 8
 We believe that the district court has read Custis too broadly. That case stands for the proposition that, absent a Gideon violation, a defendant in a federal sentencing proceeding has no constitutional right to attack collaterally the validity of previous state convictions used to enhance his federal sentence. The underlying state sentences, however, remain subject to attack in state court or through federal habeas review.
 
 
 9
 Id. at 1004 (citations and internal quotations omitted).
 
 
 10
 However, a petitioner claiming ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), bears the burden to show that his representation fell below an objective standard of reasonableness and that there is a reasonable probability that without the unprofessional errors the result would have been different. United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir.1995), cert. denied, 117 S.Ct. 135 (1996). We agree with the district court that Owen has failed on either showing, and his failure is fatal to his claim of ineffective assistance.
 
 
 11
 Owen also contends he received ineffective assistance of counsel in his 1992 conviction due to his attorney's failure to investigate and present a duress defense. However, "[t]o establish [in support of a duress defense] that he had no alternative to possessing a firearm, [Owen] must show that he actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefits of the alternatives." United States v. Lemon, 824 F.2d 763, 765 (9th Cir.1987) (citations and internal quotations omitted). Without dispute, the firearm belonged to Owen and Owen was separated from the allegedly coercive informant both before and after Owen retrieved the firearm. Owen's counsel investigated the duress defense and employed it against the only charges to which it applied. Because this was patently reasonable Owen does not establish ineffective assistance under Strickland.
 
 
 12
 Owen likewise shows no ineffectiveness in his attorney's unsuccessful attempt to persuade him to plead guilty. The government had eyewitness testimony of Owen's participation and also intercepted Owen's own bank robbery plan. Encouraging a guilty plea was not unreasonable.
 
 
 13
 Finally, Owen maintains the district court should have afforded him an evidentiary hearing before denying his § 2255 motion. The proffered testimony would have established the allegedly abusive relationship between the informant and Owen, but could not overcome Owen's failure to establish that he tried some alternative to possessing the gun--an omission fatal to his duress claim and thus fatal to his ineffective assistance of counsel claim. Because Owen shows no prejudice, we hold the district court did not abuse its discretion by denying Owen an evidentiary hearing.
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Owen was also convicted for attempted bank robbery and carrying a firearm in relation to a crime of violence, but this court reversed those convictions in United States v. Owen, No. 92-30428, 1994 WL 143948 (9th Cir. April 22, 1994)
 
 
 [2]
 Only three of the five convictions are necessary for enhancement under § 924(e). Owen does not contest his 1976 conviction