NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10168 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00479-JAT-1 |
| v. | |
| WILLIAM PHILLIP MURPHY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted May 11, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON, District Judge.[**]

William P. Murphy appeals the district court's order denying his motion to

suppress evidence obtained following his arrest. He also appeals his conviction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael H. Watson, District Judge for the U.S. District Court for Southern Ohio, Columbus, sitting by designation.

and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  We affirm.[1]

## I.

Murphy contends that the district court erred in denying his motion to suppress because the police did not have probable cause to make the arrest.  We review de novo a district court's denial of a motion to suppress.  *United States v. Washington*, 490 F.3d 765, 769 (9th Cir. 2007).  Factual findings made at the suppression hearing are reviewed for clear error.  *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011).  "A police officer has probable cause to effect an arrest if 'at the moment the arrest was made . . . the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the suspect had violated a criminal law."  *Orin v. Barclay*, 272 F.3d 1207, 1218 (9th Cir. 2001) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

Here, the officers had probable cause to arrest Murphy for the unlawful failure to return rental property, a misdemeanor under Arizona state law.  *See* Ariz.

---

[1]Because the parties are familiar with the facts of this case, we do not recite them here except as necessary to explain the decision.

Rev. Stat. § 13-1806.[2] When the police saw an unidentified man accessing the back of the rental truck, they called the rental company and learned that the truck had been rented to Murphy and had not been returned in over a month. They also discovered that the rental agency had not received any further notice from Murphy regarding his continued rental of the truck. Although Murphy argues that the police did not identify him until after his arrest, the district court did not clearly err in its determination that the arresting officer identified Murphy prior to the arrest based on his previous encounters with Murphy. Thus, police had probable cause to arrest Murphy because, at the time of the arrest, they had a reasonable belief that Murphy had violated the law.

## II.

Murphy contends that prosecutorial misconduct resulted in an unfair trial. Because Murphy failed to object to any instances of misconduct, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731-37 (1993). "Plain error is found only where there is (1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Romero-Avila*, 210

---

[2]Arizona recently amended the statute to make any failure to return a motor vehicle a felony. 2011 Ariz. Sess. Laws 38.

F.3d 1017, 1022 (9th Cir. 2000) (quotations omitted). In applying this standard, the court considers "all circumstances at trial." *Id.*

We reject Murphy's argument on the ground that his substantial rights were not affected. Accepting all of Murphy's testimony as true, the outcome of the proceeding would not have been any different because Murphy's affirmative defense of necessity fails. Murphy testified that he saw the gun in the dirt under the truck and picked it up to protect any children who might have come across it. Yet Murphy does not offer any evidence of imminent harm to children other than his own speculative testimony that children may have been in the area.[3] Because the ultimate result would be the same even absent the alleged prosecutorial misconduct, Murphy's substantial rights were not affected. Therefore, there was no plain error.

## III.

Murphy also contends that the district court erred in its denial of his motion in limine to preclude any evidence of his resisting arrest. "We review a district

---

[3]We also note that the affirmative defense instruction that was given, which merely required a showing of "imminent harm," was more generous than the affirmative defense of justification recognized in our cases. *See United States v. Wofford,* 122 F.3d 787, 790 (9th Cir. 1997) (holding that the proper justification defense to a felon-in-possession charge requires in part that the defendant demonstrate "unlawful and present threat of death or serious bodily injury" (quoting *United States v. Lemon*, 824 F.2d 763, 765 (9th Cir. 1987))).

4

court's denial of a motion in limine for abuse of discretion." *United States v. Rambo*, 74 F.3d 948, 955 (9th Cir. 1996). Murphy's resistance to arrest was indicative of his knowing possession and criminal intent with respect to the firearm. Although the jury was free to draw its own inferences from the fact of his resistance, the evidence was relevant and admissible to prove Murphy's intent and undermine his affirmative defense. Therefore, it cannot be said that the district court abused its discretion because its decision does not "lie[] beyond the pale of reasonable justification under the circumstances." *Boyd v. City and Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)).

## IV.

Murphy maintains that the district court erred at sentencing by denying him a downward adjustment for acceptance of responsibility. "A district court's decision about whether a defendant has accepted responsibility is a factual determination reviewed for clear error." *United States v. Rosas*, 615 F.3d 1058, 1066 (9th Cir. 2010) (quotation omitted). A defendant's reason or motivation for committing a crime is not a dispositive factor in determining whether to grant the adjustment "unless the claim was intended as a defense to liability for the charged offense." *United States v. Gonzalez*, 16 F.3d 985, 991 (9th Cir. 1993).

5

Here, Murphy contends that his combined stipulations and admission to the elements of the crime constitute an acceptance of responsibility. However, he ignores that he never fully accepted liability for the offense as he continued to assert his necessity defense throughout trial. Therefore, the district court did not clearly err in its denial of an adjustment for acceptance of responsibility.

V.

Murphy also argues that he should benefit from a recent amendment to the Sentencing Guidelines, which eliminated a two-point increase for the recency of a conviction set out in former Guideline § 4A1.1(e). *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amendment 742 ("Amendment 742"). This argument is without merit.

The district court was required to apply the version of the Guidelines that was in effect on the date Murphy was sentenced. *See* 18 U.S.C. § 3553(a)(4)(A)(ii). Amendment 742 took effect on November 1, 2010, and Murphy was sentenced on April 1, 2010. Amendment 742 has not been made retroactive. *See* U.S.S.G. § 1B1.10(c) (2010). Accordingly, the district court did not err in applying the two-point enhancement.

**AFFIRMED.**