UNITED STATES of America, Plaintiff–Appellee,

v.

**Willie BEASLEY, Defendant–Appellant.**

**No. 02–10395.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2003.

Filed Oct. 6, 2003.

---

Shawn Halbert and Lara S. Vinnard, Federal Public Defender's Office, San Francisco, CA, for the Defendant–Appellant.

Christopher J. Steskal, United States Attorney's Office, San Francisco, CA, for the Plaintiff–Appellee.

Before HALL, O'SCANNLAIN, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Willie Beasley appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Beasley asserts error in the district court's jury instructions regarding his defense of justification. This appeal requires us to decide which party has the burden of proof when a defendant raises a justification defense to the federal charge of being a felon in possession of a firearm. We hold that the court properly instructed the jury that Beasley must prove justification by a preponderance of the evidence.

## I. Facts and Procedural History

At least nine men were involved in a late night street fight in the Tenderloin District of San Francisco. Beasley was one of the men involved in the fight, and, during the fight, he grabbed a handgun that one of his companions was waving around. Beasley stuck the gun in his pants pocket. Just as Beasley was walking away, a police car with two officers arrived on the scene. One officer got out of his car and told Beasley to stop, but Beasley started running. After running about a block, Beasley threw the gun on the ground between some parked cars. The second officer followed Beasley by car, and, within minutes arrested him.

Beasley was charged and later convicted by a jury in the United States District Court for the Northern District of California of one count of being a felon in possession of a firearm. Beasley stipulated to his status as a convicted felon.

Prior to trial, the government moved in limine requesting that the district court preclude Beasley from presenting a justification defense as a matter of law. The court denied the government's motion, but allowed the defense to delay its opening statement until after the close of the government's case in chief. After hearing the government's case, the court, over the government's objection, allowed Beasley to present a justification defense.

Beasley testified that he grabbed the gun during the fight because he was afraid that his companion, who had been drinking, might shoot someone. Beasley stated, "Anything can happen with a bullet. It can go in any direction." Beasley testified that he did not display the gun when he first saw the police because he was scared and he was afraid the police might shoot him if they saw the gun.

The court instructed the jury that "the defendant has the burden of proving each of the elements of the defense of justification by a preponderance of the evidence."[1] The court declined to give Beasley's proposed jury instruction on justification that "the burden of proof remained on the government to negate beyond a reasonable doubt the defense of justification."

Following the jury's guilty verdict, the court entered the judgment, and Beasley timely appealed.

## II. Jurisdiction and Standard of Review

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's determination that the defendant has the burden of proving a

defense. *United States v. Dominguez–Mestas*, 929 F.2d 1379, 1381 (9th Cir.1991).

## III. Analysis

This circuit has established that justification is an available defense in felon in possession cases. *United States v. Gomez*, 92 F.3d 770, 775 (9th Cir.1996).[2] This circuit has not, however, specifically reached the question of which party bears the burden of proving justification in felon in possession cases.

Beasley argues that his firearm possession involved the "defense of himself and others;" therefore, the government is required to negate self-defense beyond a reasonable doubt. Beasley argues that without an express statutory allocation of the burden of proof, the burden must remain on the government to negate this defense beyond a reasonable doubt. We reject Beasley's arguments.

Our analysis begins with the statute under which Beasley was charged. To establish a violation of § 922(g)(1), the government must prove three elements beyond a reasonable doubt: (1) that the de-

---

1. The court gave a slightly modified Ninth Circuit model jury instruction on justification (8.60), as follows:

   The defendant claims that he was justified in committing the charged crime. This defense is known as justification. The defendant is justified in committing the charged crime if:
   First, the defendant or another person was under unlawful and present threat of death or serious bodily injury;
   Second, the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;
   Third, the defendant had no reasonable legal alternative;
   Fourth, there was a direct causal relationship between the charged criminal conduct and the avoidance of the threatened harm.
   The defendant has the burden of proving each of the elements of the defense of justi-

   fication by a preponderance of the evidence.

2. The four elements to a justification defense to a charge of felon in possession of a firearm are set forth in *United States v. Wofford*, 122 F.3d 787, 790 (9th Cir.1997):

   The defendant must demonstrate that:
   (1) he was under unlawful and present threat of death or serious bodily injury;
   (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;
   (3) he had no reasonable legal alternative; and
   (4) there was a direct causal relationship between the criminal action and avoidance of the threatened harm.
   The justification defense generally is available only in "exceptional circumstances." *Id.* at 790–91.

fendant was a convicted felon; (2) that the defendant was in knowing possession of a firearm; and (3) that the firearm was in or affecting interstate commerce. 18 U.S.C. § 922(g)(1).[3] To establish that a defendant acted "knowingly," the prosecution need not prove that the defendant knew that his possession of a firearm was unlawful; the prosecution need only prove that the defendant consciously possessed what he knew to be a firearm. *See United States v. Sherbondy*, 865 F.2d 996, 1002–03 (9th Cir.1988); *see also United States v. Dodd*, 225 F.3d 340, 344 (3d Cir.2000). Commission of the crime requires no "act" other than knowing possession of a firearm by a convicted felon. *See United States v. Canon*, 993 F.2d 1439, 1441 (9th Cir.1993). Accordingly, the felon in possession statute, § 922(g)(1), has no specific criminal intent element. Therefore, a defense to § 922(g)(1) that is based on additional facts and circumstances distinct from the underlying offense is an affirmative defense that can excuse the charged conduct, but does not disprove any of the three elements of the offense.

Beasley contends that the allocating of the burden of proof is a legislative, not judicial, function. Beasley urges us to follow *United States v. Talbott*, 78 F.3d 1183, 1185 (7th Cir.1996), where the defendant, charged with being a felon in possession of a firearm, raised the defense that he justifiably possessed the firearm to prevent harm to himself and his wife. The Seventh Circuit determined that, absent a statute explicitly allocating to the defen-

dant the burden of proving an affirmative defense, a court has no power to allocate this burden to the defendant. *Id.* at 1186. The reasoning in *Talbott*, however, has been rejected by two circuits. *Dodd*, 225 F.3d at 344 ("We do not find *Talbott's* reasoning persuasive."); *United States v. Deleveaux*, 205 F.3d 1292, 1299 (11th Cir. 2000) ("We decline to follow *Talbott* ...").

Like the Third and Eleventh Circuits, we decline to follow *Talbott*. *Talbott* is inconsistent with *Dominguez–Mestas*, in which we specifically rejected the argument that the Due Process Clause prohibits the judiciary from allocating the burden of proof on an affirmative defense to the defendant. We determined that duress was an affirmative defense that could excuse the charged criminal conduct, rather than disprove the 14852 elements of the charged offense. Therefore, placing the burden of proving duress upon the defendant did not impermissibly shift an element of the prosecution's case. *Dominguez–Mestas*, 929 F.2d at 1382. We then held that "it is proper to place the burden of proving that defense by a preponderance of the evidence on the defendant." *Id.* at 1384.

The analysis of *Dominguez–Mestas* is applicable here. As concluded above, the affirmative defense of justification does not involve the refutation of any of the elements of § 922(g)(1), but requires proof of additional facts and circumstances distinct from the evidence relating to the underlying offense. It is immaterial whether an affirmative defense to § 922(g)(1) is

---

**3.** The felon in possession statute, 18 U.S.C. § 922(g)(1), provides in relevant part:

(g) It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
. . . .
to ... possess in or affecting commerce, any firearm or ammunition; ...

18 U.S.C. § 942 [Penalties] (a)(2) provides in relevant part:

Whoever knowingly violates subsection ... (g) ... of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

termed "justification," "necessity," "duress," or "self-defense;" however, the broader term of "justification" will usually encompass all of these defenses to § 922(g)(1). *See Gomez*, 92 F.3d at 774, n. 5, n. 9; *United States v. Lemon*, 824 F.2d 763, 765 (9th Cir.1987) (defendant charged under § 922(g)(1) asserting self-defense and defense of a third person must present evidence demonstrating the four elements of the justification defense). Accordingly, we hold that the district court did not err in placing the burden of proving the defense of justification by a preponderance of the evidence on the defendant.

This holding is in accord with decisions of the Third and Eleventh Circuits. In *Dodd*, 225 F.3d at 344–49, the Third Circuit first determined that it had the capacity to allocate the burden of proof for a justification defense, and then held that when a defendant raises a justification defense to a § 922(g)(1) charge, the defendant must prove the elements of the affirmative defense by a preponderance of the evidence. *Dodd*, 225 F.3d at 350 ("We conclude that a rule that places the burden of persuasion on the defendant with regard to a justification defense to a felon-in-possession charge is constitutionally permissible, consonant with the common law, preferable for practical reasons, and faithful to the strictness of the statute into which we have read this justification defense.").

Similarly, *Deleveaux*, 205 F.3d at 1301, the Eleventh Circuit held that the defendant bore the burden of proving by a preponderance of the evidence his justification defense to a § 922(g)(1) charge. *See also United States v. Diaz*, 285 F.3d 92, 96 (1st Cir.2002) (affirming on plain error review the placement of the burden

of proof on defendant of a justification defense to a § 922(g)(1) charge).

## IV. *Remaining Arguments*

### A. *Jury Instructions*

■ Beasley also argues that the district court erred by failing to instruct the jury that he was entitled to a "reasonable period of time" to dispose of the firearm if he were justified in taking possession of it, citing *Gomez* and *United States v. Singleton*, 902 F.2d 471 (6th Cir.1990). In both *Gomez* and *Singleton*, the question on appeal was whether the defendant had met the initial threshold to present a justification defense to a § 922(g)(1) charge. In *Gomez*, we held that the defendant had presented sufficient evidence to make out a justification defense to a jury. *Gomez*, 92 F.3d at 778. The facts in *Gomez* are "extraordinary" and do not support the general proposition that a felon is entitled to a reasonable time period to dispose of the firearm.[4] In *Singleton*, the Sixth Circuit held that the defendant, who retreated to a friend's house and left the gun in his car, had not presented sufficient evidence to present a justification defense, stating:

[A] jury instruction on the defense of justification was unwarranted because Singleton failed to show that he did not maintain possession any longer than absolutely necessary. *United States v. Stover*, 822 F.2d 48 (8th Cir.1987) (no justification defense if the defendant maintains possession of the firearm after the danger subsides). Corollary to the requirement that the defendant have no alternative to possession of the firearm is the requirement that the defendant get rid of the firearm as soon as a safe opportunity arises. *Cf.* [*United States v.*] *Bailey*, 444 U.S. 394, 399, 100 S.Ct. at

---

4. Gomez presented evidence that he was under a present threat because a clear, highly specific, and credible danger to him had not

ceased. *Gomez*, 92 F.3d at 776; *see Wofford*, 122 F.3d at 790–91 (discussing the extraordinary circumstances of *Gomez*).

629, 62 L.Ed.2d 575 (prison escapee asserting justification defense must show that he attempted to surrender as soon as safety allowed).

*Singleton,* 902 F.2d at 473.

■ Neither *Gomez* nor *Singleton* utilizes the term "a reasonable period of time" to dispose of the firearm. The record discloses that Beasley's closing argument adequately covered his reasons why he did not immediately turn over the gun to the police.[5] The jury apparently chose not to accept Beasley's explanations. The district court did not err in failing to give Beasley's proffered instruction.[6]

B. *Interstate Commerce Element of § 922(g)(1)*

■ Beasley finally argues that the government did not establish under § 922(g)(1) that the firearm had been shipped or transported in interstate commerce. First, Beasley argues that the government's witness lacked specific expertise in identifying foreign firearms. The record, however, reveals that Agent Cleary, a three-year employee of the Bureau of Alcohol, Tobacco, and Firearms, was qualified by reason of his employment and training regarding the identity and origin of firearms. The district court did not err in concluding that Cleary's reliance

upon standard reference works provided adequate foundation for his testimony. *United States v. Clawson,* 831 F.2d 909, 912–13 (9th Cir.1987). Agent Cleary opined that the gun was manufactured in Prague, and he was cross-examined at length about this conclusion. Evidence of a firearm's foreign manufacture is sufficient to support a finding that the gun moved in interstate commerce. *United States v. Alvarez,* 972 F.2d 1000, 1003 (9th Cir.1992).

■ Beasley also argues that the jury should have been instructed that the government was required to present evidence that the firearm *recently* moved in interstate commerce. We have determined that a one-time past connection to interstate commerce is sufficient under § 922(g)(1). *United States v. Sherbondy,* 865 F.2d at 1000–01; *see also United States v. Casterline,* 103 F.3d 76, 77 (9th Cir.1996). The district court did not err in rejecting Beasley's proposed instruction.

V. *Conclusion*

The district court did not err in instructing the jury that a defendant who presents a justification defense to a § 922(g)(1) charge must prove this affirmative defense by a preponderance of the evidence. The district court did not err in rejecting a

---

**5.** Beasley also argues that the district court erred in failing to give a curative explanatory instruction after the government's closing argument. The government argued that "it did not matter how long Beasley possessed the firearm, because it's a violation of [§ 922(g)(1)] to possess a firearm for even a short period of time." This argument is not an impermissible limitation on the justification defense, and no curative instruction was required.

**6.** Beasley also argues that the district court erred in its response to a jury question during deliberations. The jury asked whether the third requirement in the justification defense—that there be no reasonable legal alter-

native—"refers to taking possession of the gun or maintaining possession of the gun after the police ordered him to stop or both?" The court, without objection, answered, "The third element refers to the entire period of possession." Beasley requested an additional response that "the defendant has to get rid of the gun as soon as a safe opportunity arises." The district court's response adequately responded to the jury's question. The additional language requested by Beasley would not have been responsive to the jury's question. Beasley's counsel, in closing argument, argued that Beasley "got rid of [the gun] as soon as he could."

proposed instruction that the defendant was entitled to a reasonable period of time to dispose of the firearm. The district court did not err in admitting the testimony of Agent Cleary, and rejecting a proposed instruction that the government was required to present evidence of the firearm's recent movement in interstate commerce.

The judgment is AFFIRMED.