**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James PERALTA, Defendant— Appellant.**

No. 03–10185.

D.C. No. CR–02–00561–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided Feb. 26, 2004.

Darin Lahood, Asst. U.S. Atty., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

John C. Lambrose, Jason F. Carr, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM *

James Peralta appeals his conviction for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), asserting that the district court violated his Fifth and Sixth Amendment rights by precluding testimony in support of the affirmative defense of justification. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order precluding presentation of a defense. *United States v. Arellano–Rivera,* 244 F.3d 1119, 1125 (9th Cir.2001). To establish a justification defense, the defendant must show that "(1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Gomez,* 92 F.3d 770, 775 (9th Cir.1996).

As an initial matter, Peralta was not under unlawful and present threat of death or serious bodily injury when he was approached by police officers because the threat concluded once his brother retreated into the home. *See United States v. Lemon,* 824 F.2d 763, 765 (9th Cir.1987). Further, Peralta's conduct–inserting the gun in his waist band and returning to work on his motorcycle–demonstrates that he did not believe that a present threat of imminent danger continued to exist. *See United States v. Phillips,* 149 F.3d 1026, 1030 (9th Cir.1998).

Moreover, Peralta failed to pursue reasonable legal alternatives. He could have left the scene or contacted law enforcement. *See United States v. Wofford,* 122 F.3d 787, 791 (9th Cir.1997). Alternatively, Peralta simply could have removed the ammunition from the firearm. *See, e.g., United States v. Newcomb,* 6 F.3d 1129, 1138 (6th Cir.1993).

Finally, the causal relationship between the criminal act and avoidance of the threatened harm is too tenuous to support the defense. Even if Peralta was justified in initially securing the firearm from his agitated and violent brother, his continued possession for more than the amount of time necessary to safely dispose of the weapon bars presentation of a justification defense. *See United States v. Beasley,* 346 F.3d 930, 935 (9th Cir.2003) (noting the existence of a requirement that "the defendant get rid of the firearm as soon as a safe opportunity arises").

We need not address whether Peralta recklessly placed himself in the situation that resulted in the criminal conduct because Peralta fails to satisfy his burden on the other three elements of the justification defense. Because the facts, when viewed in a light most favorable to Peralta, do not satisfy the four elements of the justification defense, the district court did not err by precluding its presentation to the jury.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.