**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jaime ANAYA–ZAMORA, Defendant–Appellant.**

No. 03–50150.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 29, 2004.

Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Dan McCurrie, AUSA, Office of the U.S. Attorney, Santa Ana, CA, Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Jaime Anaya–Zamora ("Anaya") appeals his conviction and the sentence imposed by the district court for violations of 18 U.S.C. § 922(g), being a felon in possession of a firearm, and 26 U.S.C. §§ 5861, 5845, and 5871, possession of an unregistered firearm. Anaya contends that his conviction should be reversed because the district court erred in denying the jury instructions he requested. He further contends that his sentence should be vacated because the district court erred in denying him a reduction for acceptance of responsibility and in denying him a downward departure.[1] We have jurisdic-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We cannot review a district court's discretionary decision not to grant a downward departure. *United States v. You,* 382 F.3d 958, 966 (9th Cir.2004). The district court's stated reason for denying the departure indicated that the court knew it had discretion to depart, but declined to exercise that discre-

tion pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm the conviction but vacate the sentence and remand for resentencing.

▉ The justification instruction the district court gave adequately covered Anaya's defense theory.[2] We consistently have applied the justification defense to similar situations. *See, e.g., United States v. Beasley,* 346 F.3d 930, 933 (9th Cir.2003) (applying the justification defense to a charge of felon in possession where the defendant argued that his firearm possession "involved the 'defense of himself and others' "), *cert. denied,* — U.S. ——, 124 S.Ct. 2871, 159 L.Ed.2d 779 (2004); *United States v. Gomez,* 92 F.3d 770, 774 & n. 5 (9th Cir.1996) (where the defendant argued that he should have been-allowed to present evidence of death threats to establish either a duress or necessity defense to a felon in possession charge, stating that similar cases "have almost always been analyzed in terms of justification," and further noting that the defenses of duress, necessity, and justification are "closely related"); *United States v. Lemon,* 824 F.2d 763, 764–65 (9th Cir.1987) (analyzing the defense as a justification defense where the defendant asserted theories of self-defense and defense of a third person to a felon in possession charge). We therefore affirm Anaya's conviction.

▉ U.S. Sentencing Guideline Manual ("U.S.S.G.") § 3E1.1 provides for a two-level decrease in offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Although proceeding to trial does not automatically preclude application of the reduction, it "is not intended to apply to a defendant who puts the govern-

ment to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, cmt. n. 2. A defendant is "not required to forego his right to a trial by jury and plead guilty in order to receive the acceptance of responsibility reduction." *United States v. Cortes,* 299 F.3d 1030, 1038 (9th Cir.2002), *cert. denied,* 537 U.S. 1224, 123 S.Ct. 1333, 154 L.Ed.2d 1084 (2003).

The district court denied the reduction for acceptance of responsibility on the basis that Anaya's justification defense constituted the assertion of "facts-that negate the elements of the offense." We have held, however, that a defense such as justification "that is based on additional facts and circumstances distinct from the underlying offense is an affirmative defense that can excuse the charged conduct, but does not disprove any of the three elements of the offense." *Beasley,* 346 F.3d at 934.

The district court also denied the reduction because the jury needed to resolve a factual issue in order to determine whether the justification defense applied. Anaya should not be penalized, however, for exercising his constitutional rights to a trial and to assert a defense. *See Cortes,* 299 F.3d at 1038 (stating that if the defendant "manifested appropriate contrition, exercise of his constitutionally protected rights cannot be held against him"); *United States v. Ochoa–Gaytan,* 265 F.3d 837, 843 (9th Cir.2001) (stating that "a defendant's choice to exercise the constitutional right to trial and thus to hold the government to its burden ... does not automatically make the defendant ineligible for the ad-

tion. We therefore lack jurisdiction to review this decision.

**2.** Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

justment"). Moreover, the district court did not consider Anaya's evidence of contrition-such as his voluntarily going to the police station and acknowledging his possession of the gun. *See Cortes*, 299 F.3d at 1039 (remanding where the district court "made no specific findings concerning [the defendant's] remorse or contrition, and it did not consider on the record the applicable Guideline factors"); *Ochoa–Gaytan*, 265 F.3d at 844 (remanding for the district court to determine whether the defendant "has shown contrition for his offense, notwithstanding the fact that he exercised his constitutional rights").

For the foregoing reasons, the judgment of conviction is AFFIRMED. The sentence is VACATED and the case REMANDED to the district court for resentencing.[3]

PREGERSON, Circuit Judge, concurring.

I concur in the memorandum disposition but hasten to add that it seems to me that there is something terribly wrong with the structure of a sentencing system that, with exceptions, imposes harsher punishment on a defendant who exercises his constitutional right to go to trial and requires the prosecution to prove guilt beyond a reasonable doubt.

**3.** Anaya also contends that *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), requires us to vacate his sentence. Anaya seemed to concede that the firearm was stolen, which is the one fact that was not found by a jury beyond a reasonable doubt. Nonetheless, we need not reach the issue because we vacate the sentence on other grounds. The district court may reconsider the stolen firearm enhancement on remand.