**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Linzey SMITH, Defendant—Appellant.**

**No. 05–30199.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided May 8, 2006.

Aine Ahmed, Esq., USSP—Office of The U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Richard D. Wall, Esq., Attorney at Law, Spokane, WA, for Defendant–Appellant.

Before: CANBY, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Appellant Linzey Smith appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

■ The district court did not err in instructing the jury that Smith had the burden of proving justification for possessing the firearm. In *United States v. Beasley,* 346 F.3d 930, 934–35 (9th Cir.2003), *cert. denied,* 542 U.S. 921, 124 S.Ct. 2871, 159 L.Ed.2d 779 (2004), this court held that the defense has the burden of proving justification, and we are bound by this holding. *See United States v. Gay,* 967

F.2d 322, 327 (9th Cir.1992) ("As a general rule, one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel.").

■ The district court's erroneous instruction that the government had to prove specific intent to possess the firearm is not a basis for reversal because the instruction put the government to a higher burden and thus did not prejudice Smith. *See United States v. Frega,* 179 F.3d 793, 807 n. 16 (9th Cir.1999) ("Jury instructions, even if imperfect, are not a basis for overturning a conviction absent a showing that they prejudiced the defendant.").

■ The district court did not abuse its discretion by allowing the government to impeach Smith's credibility with a prior conviction. The district court properly followed the procedure specified by our precedent for determining whether to admit the prior conviction. *See United States v. Jimenez,* 214 F.3d 1095, 1098 (9th Cir. 2000) (explaining the steps a district judge must take to admit prior convictions); *United States v. Cook,* 608 F.2d 1175, 1185 n. 8 (9th Cir.1979) (en banc) (outlining the factors that should guide the district court's analysis), *overruled on other grounds by Luce v. United States,* 469 U.S. 38, 40 n. 3, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Again, we are bound by these decisions and, as a three-judge panel, cannot reconsider them as Smith urges. *See Gay,* 967 F.2d at 327.

We review de novo the district court's finding that Smith had three prior violent felony convictions and thus was subject to a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). *United States v. Potter,* 895 F.2d 1231, 1235 (9th Cir.1990).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Smith does not contest that he was convicted of two violent felonies. He contends, however, that his additional convictions for burglary do not qualify as violent felonies because they did not include the elements of generic burglary. *See Taylor v. United States*, 495 U.S. 575, 598–99, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (explaining that "burglary" as used in the ACCA means "burglary" in "the generic sense"). He argues that, under the Washington statute of conviction, he could have been convicted of entering a mere fenced area or storage container, rather than a building as required for generic burglary. *See* Wash. Rev.Code § 9A.52.030(1) (criminalizing burglary of any "building"); Wash. Rev.Code § 9A.04.110(5) (defining "building" as a "fenced area, vehicle, railway car, [and] cargo container").

■ In determining whether Smith committed generic burglary, however, we may examine the charging document. *See Taylor*, 495 U.S. at 602, 110 S.Ct. 2143. The Information to which Smith pleaded guilty "as charged" in 1984 states that he "did enter or remain unlawfully in the building of Econo Self Service at 1215 E. Lewis Street, Pasco, Franklin County, Washington." *See United States v. Kilgore*, 7 F.3d 854, 856 (9th Cir.1993) (holding that statements in the information and guilty pleas that defendant entered buildings with common street addresses in violation of Washington law were sufficient to establish that he had entered a building in the generic sense); *see also United States v. Bonat*, 106 F.3d 1472, 1478 (9th Cir.1997) (holding that where the charging papers included the generic elements of the crime and the defendant pled guilty as charged, then he was convicted of the generic elements of the crime). Moreover,

Smith admitted in his plea statement that he "unlawfully entered the Econo Self Service Station in Pasco, with the intent to commit the crime of theft *inside.*" (Emphasis added). The allegation of the Information and Smith's plea and plea statement thus were amply sufficient to establish that Smith was convicted of burglary of a building in the generic sense. The 1984 conviction therefore serves as Smith's third violent offense, and we need not address his other convictions.

■ Finally, the district court did not commit clear error when it found at sentencing that Smith used a firearm in connection with an assault.[1] Smith argues that his sentence is unreasonable because neither the jury verdict nor the facts proved that he used the gun to commit an assault. Smith cannot complain that the jury did not find the necessary facts, because he requested that the court decide this issue at sentencing rather than submitting the issue to the jury. There is an ample factual basis in the record to support the judge's determination, particularly in light of the jury's rejection of Smith's defense of justification. Smith does not argue that his sentence is unreasonable for any reason other than the alleged error in the district court's fact finding.

**AFFIRMED.**

---

1. We review for clear error the district court's factual findings at sentencing. *United States v. Nielsen*, 371 F.3d 574, 582 (9th Cir.2004).