**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Nekolas M. EVANS, Defendant—
Appellant.**

No. 04–10239.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2006.*

Decided May 8, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Erika R. Frick, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Christopher Johns, Esq., Johns & Allyn A Professional Corporation, San Rafael, CA, for Defendant–Appellant.

Before: B. FLETCHER, BEEZER, and FISHER, Circuit Judges.

## MEMORANDUM**

Nekolas Evans ("Evans") appeals his jury conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). At trial, Evans presented an alibi defense, claiming that he was at the movies at the time the police attempted to arrest the actual offender. He argues that the district court improperly admitted the cellular phone records of a third party, Bernice Washington, which were used by the prosecution to impeach the alibi testimony of his girlfriend, Devya Vaughn. He also argues that the district court improperly limited his attorney's cross-examination of Detective Sappal, which was designed to suggest that the police had planted the firearm at the scene where the actual offender had fled from the police. Finally, he argues that the evidence was insufficient to support the verdict, on the theory that the firearm was seized under circumstances that did not establish knowing possession by the offender. He also requests that his sentence be remanded for resentencing consistent with *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We approve the district court's evidentiary rulings and affirm the verdict. We grant a limited remand for resentencing.

The parties are familiar with the facts of the case. We need not repeat them here.

## I

■ On appeal, Evans challenges the sufficiency of the evidence with regard to only one of the three elements of a violation of 18 U.S.C. § 922(g)(1): that the defendant was in knowing possession of a firearm. *See United States v. Beasley*, 346 F.3d 930, 933–34 (9th Cir.2003) (discussing the three elements of a violation of § 922(g)(1)). "[T]estimony that the defendant may have placed something in the spot where the police later found the weapon can support a finding of possession." *United States v. Gutierrez*, 995 F.2d 169, 171 (9th Cir.1993) (quoting *United States v. Flenoid*, 718 F.2d 867, 868 (8th Cir.1983)). The evidence was sufficient under *Gutierrez* because two officers testified that they saw the sole occupant of the car swing his feet outside the passenger door, bend forward and duck down, at which point the occupant's hands were out of sight; the same officers testified that they contemporaneously heard "what sounded like metal striking the ground"; the same officers identified the occupant of the vehicle as Nekolas Evans, the defendant; a firearm was recovered from under the car shortly after the occupant was seen bending forward and ducking down; and the firearm had scratches on it that could be consistent with the firearm being thrown across·pavement. Though Evans presented an alibi defense and contested the officers' testimony, the jury is entitled to decide whose testimony it believes. *See Gutierrez*, 995 F.2d at 172; *United States*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*v. Ramirez,* 710 F.2d 535, 545 (9th Cir. 1983). "[T]he evidence and all reasonable inferences which may be drawn from it, when viewed in the light most favorable to the government, sustain the verdict." *United States v. Soto,* 779 F.2d 558, 560 (9th Cir.1986).

## II

■ Evans argues the district court erred by limiting his cross-examination of Detective Sappal. The district court did not abuse its discretion by determining that a police officer's knowledge of the meaning of the term "throw down" made it no more probable than not that, in this case, the officer planted a firearm under the tire of the defendant's car. *See* Fed. R.Evid. 401. Defense counsel had already cross-examined several law enforcement officials about their integrity and had elicited testimony regarding their knowledge that law enforcement officials sometimes planted evidence. Under these circumstances, without any concrete evidence of actual wrongdoing, Detective Sappal's knowledge of the meaning of a particular slang term relating to police misconduct was cumulative and of only little relevance. *See United States v. Jenkins,* 884 F.2d 433, 435–36 (9th Cir.1989). Even if it was an abuse of discretion, the weight of the testimony and evidence against Evans demonstrates the error did not likely affect the verdict. *See United States v. Pang,* 362 F.3d 1187, 1192 (9th Cir.2004).

## III

■ Evans also argues that the district court erred under Rules 612, 401 and 803(6) of the Federal Rules of Evidence and violated the Confrontation Clause of the Sixth Amendment by admitting the cellular phone bill of Bernice Washington, who did not testify. Because Devya Vaughn used one page of the bill, reflecting calls placed to a non-emergency police number, to refresh her recollection on the stand, that part of the bill was properly admitted into evidence under Federal Rule of Evidence 612. *See* Fed.R.Evid. 612. The district court also had discretion to require Evans to give the government the entire portion of the bill that Vaughn reviewed in preparation for her testimony. *See id.* The trial judge required that the additional pages Vaughn reviewed prior to testimony be given to the government but required an independent basis for admitting them into evidence. Accordingly, the government received the pages of the bill relating to August 2nd and 3rd.

■ The government could use the cellular phone bill from those two dates to impeach Devya Vaughn's testimony so long as the evidence could be properly admitted under the Federal Rules of Evidence. The district court did not abuse its discretion by admitting the cellular phone records that pertained to the time of Evans' alibi. The records were relevant because they demonstrated use of the cellular phone for at least one extended period while, according to Evans' alibi, the cellular phone's owner was at a movie with Evans, which goes to the credibility of Evans' alibi witness and the plausibility of Evans' alibi. *See* Fed.R.Evid. 401. The government used a manager of a local Verizon Wireless store to authenticate the cellular phone bill and admit it under the business records exception to the hearsay rules. *See* Fed.R.Evid. 803(6). The district court did not abuse its "wide discretion" by finding this manager qualified to authenticate a Verizon Wireless cellular phone bill and nothing in the record indicates the bill lacks trustworthiness. *United States v. Fuchs,* 218 F.3d 957, 965 (9th Cir.2000).

■ Whether the admission of the records violated the Confrontation Clause is reviewed for plain error because Evans did not raise the argument below. Fed. R.Crim.P. 52(b); *United States v. Licavoli,* 604 F.2d 613, 623 (9th Cir.1979). A busi-

ness record, however, is not testimonial because it is kept in the regular course of business. *See* Fed.R.Evid. 803(6); *Crawford v. Washington,* 541 U.S. 36, 56, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *Parle v. Runnels,* 387 F.3d 1030, 1037 (9th Cir. 2004). The confrontation clause is not at issue. *Crawford,* 541 U.S. at 56, 124 S.Ct. 1354.

### IV

We grant the defendant's request for a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005). The government does not oppose the request.

The verdict is **AFFIRMED** and the sentence is **REMANDED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

