**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Enrique GOLDBAUM, Defendant–
Appellant.**

No. 08–10173.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2009.

Filed March 18, 2009.

Kevin P. Rooney, Assistant U.S., USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Katherine L. Hart, Law Offices of Katherine L. Hart, Fresno, CA, for Defendant–Appellant.

Before: McKEOWN and IKUTA, Circuit Judges, and BLOCK,* Senior District Judge.

### MEMORANDUM**

Enrique Goldbaum appeals his conviction under 18 U.S.C. § 1791(a)(2) for possession of a weapon in a federal prison. He argues (1) that the government's deportation of Valentin Sepulveda violated his Fifth Amendment right to due process and his Sixth Amendment right to compulsory process; and (2) that the district court erred in failing to adequately instruct the jury on his theory of defense. For the following reasons, we affirm.

1. To establish that Sepulveda's deportation violated the Fifth and Sixth Amendments, Goldbaum must make "an initial showing that the Government acted in bad faith *and* that this conduct resulted in prejudice to the defendant's case." *United States v. Dring,* 930 F.2d 687, 693 (9th Cir.1991) (citing *United States v. Valenzuela–Bernal,* 458 U.S. 858, 866–67, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)). We review the district court's application of this two-pronged test *de novo,* and its underlying factual findings for clear error.

*See United States v. Gastelum–Almeida,* 298 F.3d 1167, 1174 (9th Cir.2002).

▪ With respect to the first prong, Goldbaum did not offer any evidence "either that the government departed from normal deportation procedures, or that it deported the witnesses to gain an unfair tactical advantage at trial." *Id.* His argument that the government's failure to interview Sepulveda prior to deporting him is sufficient to demonstrate bad faith is foreclosed by *Dring,* in which we squarely rejected the argument that *Valenzuela–Bernal* "indicates that the Government may deport aliens *if and only if* it first questions them, or otherwise makes a good faith determination that they are not material and favorable eyewitnesses." 930 F.2d at 694. Contrary to Goldbaum's contention, the government's responsibility "faithfully to execute the immigration policy adopted by Congress," *Valenzuela–Bernal,* 458 U.S. at 872, 102 S.Ct. 3440, applies whether the defendant is charged with alien smuggling (as in *Dring* ) or weapons possession.

▪ With respect to the second prong, the defendant must make a "plausible showing that the testimony of the deported witness[ ] would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses." *Id.* at 873, 102 S.Ct. 3440. While it is undisputed that Sepulveda's testimony would have been material, there is no evidence that Sepulveda would have been willing to subject himself to criminal liability by corroborating Goldbaum's version of events.

2. Because Goldbaum did not object to the instructions given by the district court,

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

we review them only for plain error. *See Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) ("[A] request for an instruction before the jury retires [does not] preserve an objection to the instruction actually given by the court."). Under that standard of review, "relief is not warranted unless there has been (1) error, (2) that is plain, and (3) affects substantial rights." *Id.* at 389, 119 S.Ct. 2090. "An appellate court should exercise its discretion to correct plain error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

The district court did not err—let alone plainly err—in not giving Goldbaum's proposed special instructions because those instructions incorrectly stated the law. We held in *United States v. Lemon,* 824 F.2d 763 (9th Cir.1987), that otherwise unlawful possession of a weapon is justified only if the defendant demonstrates that "(1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." *Id.* at 765. In *United States v. Beasley,* 346 F.3d 930 (9th Cir.2003), we held that the defendant bears the burden of proving those elements by a preponderance of the evidence. *See id.* at 932. The elements of the defense and the burden of proof—which are now embodied in Ninth Circuit Model Criminal Jury Instruction 8.60—do not vary simply because the defendant talismanically invokes "self defense." *See Lemon,* 824 F.2d at 764 (rejecting defendant's argument "the district court erred when it failed to instruct the jury on the legal defenses of self-defense and defense

of a third person."); *Beasley,* 346 F.3d at 933 (rejecting defendant's argument that government was required to negate defense beyond a reasonable doubt because it "involved the defense of himself and others").

The district court's instruction did not require inquiry into whether Goldbaum had recklessly placed himself in harm's way, or whether he had any reasonable legal alternatives to committing the crime. In addition, it required the government to negate the defense beyond a reasonable doubt. As a result, the district court's instruction was more favorable to Goldbaum than the proper instruction would have been. It cannot, therefore, have prejudiced Goldbaum's substantial rights.

**AFFIRMED.**