**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30317 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00066-WFN-2 |
| v. | |
| LLOYD JOHN ROMERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted November 19, 2014[**]
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Lloyd John Romero appeals his convictions and sentences for being a felon in

possession of a firearm, 18 U.S.C. § 922(g)(1), and for possession of a stolen firearm,

18 U.S.C. § 922(j). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The evidence was sufficient to support the felon in possession conviction. Under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt "(1) that the defendant was a convicted felon; (2) that the defendant was in knowing possession of a firearm; and (3) that the firearm was in or affecting interstate commerce." *United States v. Beasley*, 346 F.3d 930, 933-34 (9th Cir. 2003). Romero does not contest that the weapon was traveling in interstate commerce or that he had a prior qualifying felony. Knowing possession of an object is established if the defendant "knows of its presence *and* has physical control of it, or has the power and intention to control it." *United States v. Cain*, 130 F.3d 381, 382 (9th Cir. 1997) (citation omitted). Trial testimony that there was a firearm under the driver's seat of a vehicle that Romero was driving, that he pulled the weapon out and showed it to a passenger, and that he stated his willingness to use it, sufficed to establish knowing possession. *See United States v. Carrasco*, 257 F.3d 1045, 1049-50 (9th Cir. 2001).

**2.** The evidence was also sufficient to establish that Romero possessed stolen firearms. Under 18 U.S.C. § 922(j), the government must "prove beyond a reasonable doubt that: 1) [the defendant] received or possessed stolen firearms; 2) which moved or were shipped in interstate commerce before or after being stolen; and 3) [the defendant] knew or had reasonable cause to believe that they were stolen." *United States v. Hodges*, 315 F.3d 794, 799 (7th Cir. 2003). The trial jury heard testimony

2

that after 136 firearms were stolen in Billings, Romero decided to leave town in a rush, listening to a police scanner while packing. While en route to California, Romero "talked about" the guns in the back of the car he was driving and told a passenger that "he'd be surprised if he got away with it." The passenger testified that she was "freaking out" during the trip because there were "a lot of stolen guns" in the car.

**3.** Romero's within-Guidelines sentence was reasonable. The evidence established that Romero possessed over 100 firearms and received $5,000 upon the sale of the weapons, and the district court therefore did not err in finding clear and convincing evidence to support the application of sentencing enhancements under United States Sentencing Guidelines §§ 2K2.1(b)(1)(D) (for multiple firearms) and 2K2.1(b)(5) (for firearms trafficking). *See United States v. Barnes*, 125 F.3d 1287, 1290 (9th Cir. 1997) ("Factual findings underlying the sentencing decision are reviewed for clear error.").[1]

**AFFIRMED.**

---

[1] Whether or not the district court's findings of fact at sentencing were required to be supported by clear and convincing evidence, *see United States v. Jordan*, 256 F.3d 922, 927, 930 (9th Cir. 2001), the court applied that standard of proof.