**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30296 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00031-SEH-1 |
| v. | |
| DEREK TYSON BELLAMY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted November 19, 2014
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Derek Tyson Bellamy was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and sentenced to 63 months imprisonment. Bellamy appeals the conviction, claiming insufficient evidence, and the sentence, claiming it is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** To obtain a conviction under 18 U.S.C. § 922(g)(1), the government must prove "(1) that the defendant was a convicted felon; (2) that the defendant was in knowing possession of a firearm . . .; and (3) that the firearm . . . was in or affecting interstate commerce." *United States v. Nevils*, 598 F.3d 1158, 1163 (9th Cir. 2010) (en banc) (quoting *United States v. Beasley*, 346 F.3d 930, 933-34 (9th Cir. 2003)). Possession is established when the defendant has "knowledge of the firearms and the power and intent to exercise control over them." *United States v. Nungaray*, 697 F.3d 1114, 1117 (9th Cir. 2012) (internal quotation marks and citation omitted).

**2.** Bellamy stipulated that he was a convicted felon and that the firearm at issue traveled in interstate commerce; only possession is at issue. Bellamy's admissions that he "saw the firearm when he [got] into the vehicle," and "pushed the gun back when he was exiting the vehicle," are sufficient to establish that Bellamy had knowledge of the firearm and the power and intent to control it. *See United States v. Gutierrez*, 995 F.2d 169, 171-72 (9th Cir. 1993) (finding a passenger's attempt to conceal a weapon from police established possession).

**3.** Bellamy's within-Guidelines sentence, which took account of a base offense level of 22 under United States Sentencing Guidelines § 2K2.1(a)(3), and five criminal history points under U.S.S.G. § 4A1.1(a), (d), was not unreasonable. *See*

2

*Gall v. United States*, 552 U.S. 38, 41 (2007) ("[C]ourts of appeals must review all sentences . . . under a deferential abuse-of-discretion standard.").

**AFFIRMED.**